HARTZ, Circuit Judge,
dissenting:
I agree that Mr. Matthew should be denied relief for essentially the reasons set forth in the magistrate judge’s report and recommendation. Rather than quashing the certificate of appealability (COA), however, I would recognize the COA and affirm the district court judgment.
The decision to grant a COA is a preliminary one. The nature of the process is described in Miller-El v. Cockrell, 537 U.S. 322, 336-42, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003):
*298 The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. We look to the District Court’s application of AEDPA to petitioner’s constitutional claims and ask whether that resolution was debatable amongst jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it.
We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.
Deciding the substance of an appeal in what should only be a threshold inquiry undermines the concept of a COA. The question is the debatability of the underlying constitutional claim, not the resolution of that debate.
(emphasis added). To say, as does the majority opinion, that the COA in this case was “improvidently granted” is to say that the judge who granted the COA either (1) should have inquired more deeply into the matter before issuing the certificate or (2) could not reasonably have seen potential issues of substance in Mr. Matthew’s claims. In my view, the first ground for vacating the COA would be contrary to the directives of the Supreme Court concerning how to perform the task of deciding whether to grant a COA, and the second ground amounts to a determination that the judge issuing the COA was not just wrong, but unreasonable. Moreover, once the matter has been fully briefed, I see no purpose served by quashing the COA rather than affirming the judgment below.